IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOE MARIO VELARDE,<br><br>                    Petitioner,<br><br><br>            vs.<br><br><br>UNITED STATES,<br><br>                    Respondent. | ORDER AND<br><br>MEMORANDUM DECISION<br><br>DENYING PETITIONER'S<br><br>28 U.S.C. § 2255 MOTION<br><br><br>Case Nos. 2:08-CV-292 (TC)<br><br>2:04-CR-457 (TC) |

A jury convicted Joe Mario Velarde of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) in February 2005.  (Docket Nos. 1, 71.)[1]  Mr. Velarde appealed his conviction to the U.S. Court of Appeals for the Tenth Circuit, which affirmed the district court.  Mr. Velarde unsuccessfully sought certiorari in the United States Supreme Court.  Mr. Velarde has now filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.  As grounds for this requested relief, Mr. Velarde claims that he received ineffective assistance of counsel in the pretrial phase, at trial, during the sentencing phase, and on appeal.[2]  For the reasons set forth, this court concludes that the files and records in this case as well as the motion itself conclusively demonstrate that Mr. Velarde is not entitled to relief on his claim of ineffective assistance of counsel.

---

[1]In considering the validity of Mr. Velarde's ineffective assistance of counsel claims in this civil matter, the court will review and cite to the record from his criminal case unless otherwise specified.

[2]Pursuant to the court's order, the United States has already submitted its brief in response.  (Civil Case, Docket No. 10.)

## MR. VELARDE'S CLAIMS

## I.   CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL

To succeed on an ineffective assistance of counsel claim, Mr. Velarde must demonstrate, first, that his attorney's performance was deficient and, second, that the deficient performance prejudiced him.  Strickland v. Washington, 466 U.S. 668, 687 (1984).[3]  Counsel's performance is deficient if it falls below an objective standard of reasonableness such that the attorney "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id. at 687-88. To establish prejudice, Mr. Velarde must demonstrate that there is a "reasonable probability," or a "probability sufficient to undermine confidence in the outcome," that he would have received a different sentence but for counsel's unprofessional performance.  Id. at 694.  The court need not consider whether Mr. Velarde was prejudiced if he fails to demonstrate that the attorney's performance was constitutionally deficient.

With this standard in mind, the court considers each of Mr. Velarde's ineffective assistance of counsel claims.

### A.   Ineffective Assistance of Counsel During the Pretrial Phase

Mr. Velarde claims that his trial counsel, L. Clark Donaldson, was ineffective when he filed two separate motions to continue the jury trial, which the court granted, allegedly without "credibility, logic or . . . [Mr. Velarde's] consent."  (Pet'r's Mot. 4.)  These continuances, Mr. Velarde argues, violated his right to a speedy trial.  (Id.)  Mr. Velarde also asserts he was prejudiced by these continuances as they allegedly allowed the prosecution "time to build a case," including affording an opportunity to locate witnesses.  (Id. 4-5.)

---

[3]Although Strickland involved ineffective assistance of counsel claims in a death penalty case, its standards apply in the noncapital context, as well.  See Glover v. United States, 531 U.S. 198, 203-04 (2001) (using Strickland in a noncapital case).

Mr. Donaldson's performance during the pretrial phase was not constitutionally deficient. Mr. Donaldson's continuances amounted to only a few months delay, which is hardly aberrant based on professional standards. (Mots. Cont. Jury Trial, Docket Nos. 19, 22.) Mr. Donaldson asked for the first continuance so he could negotiate a resolution in the case and, in the event that such resolution failed, "to complete case investigation." (Mot. Cont. Jury Trial, Docket No. 19.) Mr. Donaldson asked for the second continuance to prepare for "unanticipated witnesses and evidence" that the United States had revealed just a few days before the trial was scheduled to begin. (Mot. Cont. Jury Trial, Docket No. 22.) The court granted both motions and excluded the delay from the provisions of the Speedy Trial Act. (Orders, Docket Nos. 20, 23.)

Accordingly, the court concludes that Mr. Donaldson was not deficient in his pretrial representation.

Further, despite Mr. Velarde's arguments, Mr. Donaldson was not ineffective in allegedly failing to secure his client's consent before submitting the motions to continue the trial date. 18 U.S.C. § 3161(h)(7)(A), a provision of the Speedy Trial Act, expressly authorizes either the defendant, the defendant's counsel, or the government attorney to request a continuance. Mr. Donaldson cannot be constitutionally deficient for doing that which he is expressly authorized to do by statute.

Second, even assuming Mr. Donaldson's representation was deficient, Mr. Velarde cannot demonstrate that he was prejudiced by the continuances. In deciding each motion for a continuance, the court considered Mr. Velarde's interest in a speedy trial, but ultimately concluded that the ends of justice served by the continuances outweighed. (Orders, Docket Nos. 20, 23.) The court concluded that the continuances would allow Mr. Donaldson to represent Mr. Velarde more effectively, including being prepared to question witnesses and to challenge

3

evidence submitted by the United States.  (Id.)  Mr. Velarde has failed to demonstrate a
reasonable probability that he would have received a different and more favorable outcome but
for Mr. Donaldson's conduct.

      **B.**    **Ineffective Assistance of Counsel During the Trial**

             1.    <u>Identification of Danielle Corbin</u>

A jury convicted Mr. Velarde for an offense related to the early morning traffic stop of a
gold Honda Accord on May 23, 2003.  When Deputy Nathan Clark of the Salt Lake County
Sheriff's Office made the stop, he noticed three occupants in the vehicle: two men, Troy
Richards and Mr. Velarde, and a woman, Danielle Corbin.  Both Mr. Richards and Ms. Corbin
testified at Mr. Velarde's trial.

In this motion, Mr. Velarde claims that Mr. Donaldson failed to adequately question
witnesses about whether Ms. Corbin was actually present at the crime scene.  Mr. Velarde argues
that whether Ms. Corbin was "the actual female at the scene of the crime was never questioned
and should have been established before she was given the opportunity to testify."  (Pet'r's Mot.
7.)

But Mr. Velarde's argument is without merit. Various witnesses confirmed that Ms.
Corbin was present at the crime scene on May 24, 2004.  Moreover, Ms. Corbin testified that she
was indeed the person at the scene of the crime.  She testified that she remembered that day, that
she sat in the passenger seat, and that she was scared when the officer  stopped the car. (Trial Tr.
at 96, 98, 99, Feb. 15, 2005, Docket No. 81.)  Deputy Kenneth Callahan of the Salt Lake County
Sheriff's Office also testified that the passenger in the front seat of the car that morning was a
female.  (Id. at 7-8.)

2.      <u>Admission of Evidence Regarding Gang Affiliation</u>

Mr. Velarde argues that Mr. Donaldson "failed to provide effective assistance of counsel [] when counsel failed to object to the prosecution['s] motion in [limine]." (Pet'r's Mot. 7.)  This argument is also without merit.  Contrary to Mr. Velarde's claim,  Mr. Donaldson did object to the government's motion in limine. (Minute Entry, Docket No. 42.)  The court denied the government's motion and ruled that it would not allow any mention of gang affiliation or any gang expert to testify.  (<u>Id.</u>)

3.      <u>Testimony by a "Surprise" Witness</u>

Mr. Velarde argues that his counsel was ineffective by "allowing a surprise witness to testify." (Pet'r's Mot. 9.)  Although his motion is a bit unclear, Mr. Velarde appears to object to the testimony of Deputy Callahan, who allegedly "clearly contradicted the testimony of [the] arresting officer['s] discovery report and testimony."  (<u>Id.</u>)  Mr. Velarde contends that the United States "ambush[ed]" Mr. Donaldson by informing him about Deputy Callahan mere days before trial and "fail[ing] to provide the Defendant with necessary information and time to adequately prepare" an effective defense.  (<u>Id.</u> 9-10.)

First, Mr. Donaldson's conduct was not deficient in this regard.  The court, rather than Mr. Donaldson, allowed Deputy Callahan to testify as a witness based on his personal knowledge of relevant evidence.  <u>See</u> Fed. R. Evid. 601, 602.  Despite Mr. Velarde's claims, Mr. Donaldson could not have prevented Deputy Callahan from testifying.  His only remedy as counsel would have been to request another continuance, which Mr. Velarde presumably did not want based on the arguments presented here.

Further, the record does not demonstrate that Mr. Donaldson needed additional time to adequately prepare as Mr. Velarde suggests.  During trial, Mr. Donaldson effectively examined

Deputy Callahan.  (Trial Tr. at 10-26, Feb. 15, 2005, Docket No. 81.)

**C.     Ineffective Assistance of Counsel During Sentencing**

Mr. Velarde argues that Mr. Donaldson was ineffective when he failed to object to a point

that was added to Mr. Velarde's criminal history score based on a previous misdemeanor

conviction without the benefit of counsel.  (Pet'r's Mot. 11-12.)

This argument also fails.  A criminal history score may include a misdemeanor

conviction obtained without the benefit of counsel if it does not result in a term of imprisonment.

Nichols v. United States, 511 U.S. 738 (1994); United States v. Jackson, 493 F.3d 1179 (10th

Cir. 2007).  Any objection raised by Mr. Donaldson would have been futile.

**D.     Ineffective Assistance of Counsel During Direct Appeal**

Mr. Velarde argues that Scott Wilson, his appellate counsel, was ineffective when he

failed to raise two issues on appeal.  Specifically, Mr. Wilson allegedly failed to challenge on

appeal the appropriateness of an enhancement under the Sentencing Guidelines for obstruction of

justice in light of United States v. Booker, 543 U.S. 220 (2005).  He also claims that Mr. Wilson

was ineffective by his failure to renew on appeal Mr. Velarde's motion for "a judgement of

acquittal" based on the inconsistent jury verdicts.[4]  (Pet'r's Mot. 14, 16.)

As appellate counsel, Mr. Wilson had wide latitude to decide which issues should be

pursued on appeal.  See Jones v. Barnes, 463 U.S. 745 (1983) ("For judges to second-guess

reasonable professional judgments and impose . . .a duty to raise every 'colorable' claim

suggested by a client would disserve the very goal of vigorous and effective advocacy . . .

---

[4]As previously explained, the jury did not convict Mr. Velarde of possession of a sawed-
off shot gun in violation of 26 U.S.C. § 5861(d).  It did, however, convict Mr. Velarde of
possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  Mr. Velarde
characterizes these verdicts as inconsistent.

Nothing in the Constitution or our interpretation of that document requires such a standard.")
That Mr. Wilson did not pursue all of the arguments that Mr. Velarde now proffers does not
amount to constitutionally deficient representation.

Further, the issues Mr. Velarde claims that Mr. Wilson should have raised on appeal are
without merit, further confirming that appellate counsel was not deficient.  Sentencing
enhancements, like the obstruction enhancement Mr. Velarde challenges, are properly decided by
a judge.  See, e.g., Booker, 543 U.S. 220; United States v. French, No. 07-5091, 2008 WL
4636721 (10th Cir. Oct. 21, 2008); United States v. Morales, No. 08-7060, 2008 WL 4636727
(10th Cir. Oct. 21, 2008).

Additionally, the Tenth Circuit rejected Mr. Velarde's argument on his direct appeal
regarding the implications of jury's inconsistent verdicts in his case.  United States v. Velarde,
No. 05-4213, 2006 WL 1755958, at *5 (10th Cir. 2006).  The Tenth Circuit explained on direct
appeal that:

> [A]n inconsistent verdict is not a sufficient reason for setting a
> verdict aside. . . .  In light of the prosecutor's lack of bad faith, the
> district court's instructions to the jury, the overwhelming evidence
> to support Velarde's conviction, and the other evidence presented
> to the jury concerning his criminal history and dangerous character,
> we conclude that the district court's denial of Velarde's motion for
> a mistrial was not an abuse of discretion.

Id. (citations omitted).

>

>

>

>

>

For the above reasons, Mr. Velarde's Motion to Vacate Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is denied.  (Civil Case, Docket No. 9.).

DATED this 25th day of February 2009.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge